Thank you, Your Honor. May it please the Court. My name is Anthony Magistro, and I'm here on behalf of the appellant in this case, Liz Ferrari. This is an appeal of an award of attorney's fees where the district court judge made several legal errors that resulted in well below the fee that was requested and the fee that was deserved. I think I'd like to start with what I think the district court improperly focused on, which colored many of the decisions he made, and that is where the district court began and ended his fee opinion was dealing with the size of the fee in relation to the results obtained by the plaintiff in the case. This is a case that was resolved in an award of over $3,000 to the plaintiff in a case brought under the Fair Debt Collection Practices Act. That's an act where most statutory damage cases come on an award of around $1,000. So in this case, the plaintiff did better than the average FDCPA plaintiff. Instead of focusing on the size of the award and the success obtained, the court was focused on the size of the award in relation to the fee that was requested, and that is error. This court, in case after case we've cited in our briefs, as recently as Carco Group v. Manakee, said that the proportionality bears is not relevant in determining whether a fee is reasonable. And instead, as this court said in Barefield v. New York City Health, what the court should focus on is the results obtained. Let me ask you about that because you've suggested that the court was focused on this relationship, but its decision is full of discussion about its concerns about counsel's performance. Well, the court starts with— —the number of hours and then the hourly rate. So that—I mean, it did a Lodestar calculation, and those were the two concerns that prompted its reduction in both the number of hours and the hourly rate. So why don't you tell us why you think it erred in those respects? Okay. Well, let's—I think we should start then with the reduction in the number of hours. The court made two deductions in the number of hours. One was based on the—its perception of the complaint in this case. The court found the complaint unintelligible, that no one—that the defendant didn't understand what was being raised and the claims were being raised. It's very clear from the record in this case, however, that the complaint and the parties and the lawyers in the case understood exactly what claims were being raised. The defendant had filed a motion for judgment on the pleadings. To the extent your hours—I'm sorry, Judge. Mr. Connecticut, did they know what the—was being—what claims were being made based on the complaint, or did they know it because the files—the underlying events? Well, I think both, Your Honor. And I think it's important to note that we're dealing with sophisticated lawyers who practice in this area—it's what they do every day. In addition, the defendant in this case is a sophisticated lawyer whose practice is in this exact area. And it's evident from the other pleadings in the case that they did know what was going on. That's not the point. You billed a certain number of hours for writing a complaint. The fact that your adversary got it in the end doesn't mean that your hours were justified. This is abuse of discretion review. You're going to have to tell us how the judge abused his discretion by reducing these hours and the rate. With respect to the hours, drafting the complaint was, I believe, an hour and a half worth of not only all of the time for the complaint, the time with dealing with responses to a substantive Rule 12c motion that had much more in it than— Well, the judge thought that this motion—these motions were premature and that had you proceeded in a reasonable manner, none of these expenses would have been incurred. Now, if you think that was an unwarranted or an impermissible conclusion, tell us why. Well, first of all, with respect to the summary judgment motion that the judge said was premature, the court authorized the filing of the motion. The plaintiff and her counsel went to the court and, as per their procedure, and said, we'd like to file a summary judgment motion. The court authorized the filing of the motion. We have to prevent you from filing the motion. But that's not what happened here. The court authorized it, expressly authorized it. The judge didn't recommend it. He wanted to know could you, and he said you can, which, of course, was the right answer. If he had said you can't, you'd be here complaining about that. Well, and I think it was the right thing to do, too. This is a case where prior to the filing of that motion, plaintiff's counsel made 17 separate attempts to settle the case. It's a simple case. Everybody got what the case was. 17 separate attempts— How does that bear on the reasonableness of a fee? Because if you can't get a case settled, the only way to— 17 times. I mean, you say that as if that's a reason your fee shouldn't be reduced for your hours. It is a reason because the— Maybe your demand was way too excessive. That was not what the—and that's not the argument that the defendants make in this case. Well, he wouldn't because the settlement numbers are not properly before us. So the fact that he doesn't tell us is irrelevant. Well, and I think it is proper for lawyers to file summary judgment motions. These are legal issues in this case. Regardless, all of the issues that would go to a judgment under the Fair Debt Collection Practices Act are issues for the court to decide. They're legal conclusions. The facts in this case weren't really in serious dispute. Once the parties got through some discovery in the case— Beyond his discretion. These arguments I can understand if you make them to the trial judge, as you undoubtedly did. But why is he in excess of his wide discretion on fee awards? It's got to be something really seriously, fundamentally wrong. And all you've said is you disagree with him. Well, one point is the judge not only cut the hours, he double-cut the hours. That's a different question. And that is clearly erroneous. It amounts to, in essence, an award of fees to the defendant without the proper finding. The second thing— That would have to be a sanctioned decision? And under the Act, you have to show bad faith for the defendant to be entitled to fees. The plaintiff's entitled to fees. And what would we do? We'd vacate that and let it go back and see if they could show that? And then you'd be subject to it as a sanction rather than a fee reduction? I don't think there's any evidence in the record to support that. We're not— And we didn't ask for that. Excuse me. I'm sorry, Your Honor. We're not evaluating any such decision now. But I would think an attorney might think hard about whether you wanted to have that figure possibly awarded as a sanction, if that's what happens, or whether you just want to take a fee reduction on it rather than have a recorded judgment as a sanction. But you're pressing the point, is what you're telling me. You're saying it's error to award the defendant's costs as a reduction for the plaintiff's fees. How many dollars are involved in the double reduction? There is approximately $5,000 in the double reduction. And then if you also take into account the fact that the court used this same basis for its improper conclusion regarding the hourly rate, it amounts to a triple reduction, which is—I think the total ends up being another $6,000. How many hours were doubled? I think it was 12 point something. At what rate? The court awarded a rate based at $250 an hour, which is also improper. At the $400 rate, it ends up being about $5,000. At the $250 rate, it winds up being $3,000. Yes. Math is not my strong suit without a calculator. $6,000, is it? No, $250 of 12 hours. All right. Why don't we hear from your adversary? Okay. Oh, $3,000. $3,000. Counsel? My name is James Sullivan, and I represent the appellees. Judge Meyer, the district court judge in this case, stepped into the shoes of a reasonable paying client when he made the determination about what fees should be awarded. The complaint was unintelligible. It was a series of factual allegations that were deemed to be unintelligible. The fact that the defendants, what they knew or didn't know, shouldn't be relevant for this court's determination. Are you defending the double deduction? There was no double deduction. There wasn't? No. There was a single deduction. But we're talking now about crediting your hours, the defense hours, against the plaintiff's bill, so that they were not compensated for that based on the forcing the defense to expend hours. That would seem to me to be more of a sanction. Yes, and I didn't see any of that happening. You don't think it even happened? What's that? You don't even think it happened? No, I don't think it happened. There were 12 hours disallowed on the plaintiff's claim, first of all, right? Yes. Right? I believe so. All right. Did the reduction stop there? Well, there were different deductions, but it wasn't like it was doubled. They analyzed the initial filing and drafting of the complaint. Didn't he say the defendant lawyer was put to extra, non-necessary time?  That was an observation, but it wasn't a sanction. Oh, that was just a comment? Yes. Really? He says these additional costs should properly factor in what is a reasonable fee for plaintiff's counsel to recover. That's a fair observation, but that doesn't mean that there was a credit given. What the judge did— Was there a subtraction? Let's call it that if you don't like the word credit. Did he take the 12 and then make it 24 and then subtract it? What happened was he reduced the plaintiff's fees on three levels. We're only talking about hours now. Right. We're talking about hours. Correct. Did he first say it was 12 and then reduce it by 24? I don't know. You don't know? I know that he analyzed the filing of the complaint and the premature— Let's put it this way. If, on reading the record, we're satisfied that that's what he did, do you defend that second subtraction? I do. I think it was important. I'm reading now from the judge's decision—this is right after footnote one— in which he says, because these additional costs to defendants should properly factor in what is a reasonable fee for plaintiff's counsel to recover, I will disallow twice the hours claimed by plaintiff—24.9 hours plaintiff had claimed 12.45— that relate to her counsel's filing of the initial complaint and the ensuing litigation. In other words, plaintiff's counsel isn't getting 12.45 hours that he claims were expended, and they're being doubled because defendant's counsel had to expend those hours. Now, I understand the court's reasoning. The question is whether or not the court could do that on a fee calculation as compared to a sanction award. Yes. I understand the concern. Do you now agree that it happened? I agree that those deductions took place, but I'm not agreeing that it was a doubling of them. Well, you heard the word twice. What does twice mean? Two times. Right. Isn't that doubling? I mean, come on. We've got some issues here, but this really isn't one of them whether it happened, is it? Well, I know that the deductions occurred. Okay. Now, since it happened and it was doubled, how do you defend the lowering of his fee by the hours you had to spend? That's not how I read Judge Meyer's decision. If you don't read it that way, then we have very little to talk about. I mean, I read it as a justification for the reduction in plaintiff's counsel's fee. If we read it the way the judge said it and the way your adversary understands it, do you think it's defensible to have reduced his hours by the time you spent? I recognize that there are cases that say that doubling is not permissible. That's fee shifting, isn't it? I don't know that it's fee shifting. I just know that it's not. It's saving you 12 hours' worth of lawyer time in a fee, right? Making him pay for your 12 hours. That's not how I read his decision. You don't read it. Okay. I think the judge made accurate observations regarding not only the initial filing of the complaint, but that the motions for summary judgment were premature and unnecessary. There was a pending Rule 12C motion, and as a matter of economy, the judge should have been allowed to adjudicate that before having to deal with a motion for summary judgment. I think his denial of those motions without prejudice to refile was entirely appropriate and not an abuse of discretion. There was an observation my opposing counsel made about Judge Meyer using a proportionality. I don't believe he did use a proportionality. I think he made some observations at the initial part of his decision about how the fee was in relation to the $3,000 recovery, which was $3,000 because there were three defendants, so it was $1,000 each. He also made observations at the end, but there's nothing in his lodestar analysis where he looks at proportionality whatsoever. These were simply observations. Thank you. Magistro, you reserved a few minutes in rebuttal. Yes. Thank you, Your Honor. I'm not going to beat the horse about whether or not there was a double recovery. I think the quote Your Honor read from the judge's opinion, a double deduction, the quote Your Honor read is very clear on that point, but I'd like to add an additional point. After he did the double deduction, he then went on to use that same conduct as the only justification for reducing the hourly rate. This is a case where the lawyer below, the established attorney with a history of $350, $400 an hour rate, in fact, the defendants conceded $350 was appropriate. And the only basis in the record for applying the $250 an hour rate is this same conduct. That's why we argue it wasn't, I mean, just a double deduction. It was a triple deduction. I couldn't find any precedent in this circuit, but there are a couple of Ninth Circuit cases we cited in our brief that said you either reduce the time or you reduce the hourly rate. You can't do both. And that's what the judge here – That is the law in this circuit, is it? I mean, why would it be? Why would it be the appropriate rule if a court were convinced and the record supported its conclusion that the hours were excessive and counsel's performance couldn't command the rate that surged in any event? I mean, why wouldn't both be appropriate factors for consideration? Because what you're doing by adding both deductions is you're double counting. You're punishing – A lawyer could never command $450 or $1,000 or whatever in the market and if the work didn't require more than 10 hours or whatever the court concluded. The answer is in this record it was conceded she could command $350. The numerous opinions of this court, the district court in Connecticut, and courts around the country established that the rate she could command was $350 to $400 an hour, that she had paying clients at that rate, that she had numerous opinions approving her at that rate. Right. And so the answer is that the record is what supports the fee award and by deducting twice that was error. Thank you. Thank you, Your Honor. We're going to take the case under advisement.